# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

## NOTICE REGARDING CONSENT

A United States magistrate judge of this court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636 & Fed. R. Civ. P. 73.  A magistrate may exercise this authority **only if all parties voluntarily consent.**  A copy of the General Order for Referral of Civil Matters to the United States Magistrate Judges and a consent form are attached for your reference.

If you are consenting to the exercise of jurisdiction by a United States Magistrate Judge, return this form to the Clerk of Court.   Signed consent forms must be hand-delivered or mailed to the Clerk's Office.  Please do not electronically file the form or return it to a judge.

SHARON N. HARRIS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

IN RE:                                             )
                                                   )
GENERAL ORDER FOR REFERRAL OF CIVIL )
MATTERS TO THE UNITED STATES        )
MAGISTRATE JUDGES                   )

ORDER

The increasing caseload being experienced by the Court, coupled with the potential loss of a temporary judgship, has caused the Court to consider ways in which civil matters may be assigned to provide more efficient and expedient handling. Additional utilization of the judicial skills of the magistrate judges of the Court is one of the ways identified. The Court has and continues to encourage litigants to consent to the exercise of full, case-dispositive jurisdiction by magistrate judges. With this in mind, it is, therefore, ORDERED as follows:

1. Beginning immediately, the Clerk shall assign every sixth civil case filed after the entry of this Order, subject to the exclusions identified below, to a magistrate judge randomly selected, who shall be responsible for all pretrial management of the cases assigned to him or her in this manner, including determination of all non-dispositive motions in the case. The assignment shall be to the magistrate judge and neither the court file, the docket sheet, nor any other court record shall reflect an assignment to a district judge, except as provided below.

2. Excluded from the civil cases assigned to magistrate judges pursuant this Order are administrative agency appeals, bankruptcy matters including motions to withdraw the reference, and any case in which a temporary restraining order or other emergency relief is sought.

Consistent with the present practice, magistrate judges shall continue to be referred all prisoner cases assigned to district judges.

3. The Clerk shall continue in all cases to forward to the parties, in the manner provided in Northern District LR 73.2(a), notice of their option to consent to jurisdiction by a magistrate judge under 28 U.S.C. § 636(c), with a copy of this Order appended to the notice. If consent is given by all parties in a case already assigned to a magistrate judge pursuant to this Order, the case will be assigned to the magistrate judge for all matters and he or she will exercise full dispositive jurisdiction. If consent is given by all parties in a case assigned to a district judge, the district judge may exercise the discretion to reassign it to a magistrate judge or may decline to do so. In such cases reassigned to a magistrate judge by the district judge, the magistrate judge shall exercise full dispositive jurisdiction under § 636(c) and Northern District LR 73.2.

4. In cases assigned pursuant to this Order to a magistrate judge for management of pretrial matters but for which § 636(c) consent has not been given, parties retain the right to seek review of a magistrate judge's rulings and orders on non-dispositive matters in the manner provided by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. In the event a party seeks review of such a matter, the Clerk shall randomly select a district judge for that purpose and that purpose only; the case will not be reassigned for any other purpose to the district judge to whom a review of a magistrate judge's order is referred. Each such order or ruling by a magistrate judge on which a review is sought shall be randomly referred to a district judge, who shall be responsible only for reviewing the specific order or ruling in question. The selection of the district judge shall be from a special draw without regard to the Court's divisions. During and upon completion of the review by the district judge, the magistrate judge shall retain management of all other pretrial matters.

5. In cases assigned pursuant to this Order to a magistrate judge for management of pretrial matters but for which § 636(c) consent has not been given by all parties, the magistrate judge may deny motions to dismiss and motions to remand except when based upon a finding that a non-diverse defendant has been fraudulently joined and the claims against the defendant are due to be dismissed. In such an instance, the magistrate judge shall prepare and file a report and recommendation concerning the disposition of the claims against the fraudulently-joined defendant and the motion to remand, and a district judge shall be randomly selected to determine the motion. The magistrate judge may grant a motion to remand on any appropriate ground. If the magistrate judge finds that a removed case is due to be remanded to the court from which it was removed, he or she shall enter an order remanding the case effective thirty (30) days after the date of entry of the order of remand. Any party may seek a review of the Order of remand pursuant to Rule 72(a), F.R.C.P., provided, however, that the Order of remand remains in effect unless stayed by the district judge. The selection of the district judge will be from a special draw without regard to the court's divisions and it shall be for the purpose only of reviewing the particular order or report and recommendation entered by the magistrate judge on the motion to remand. In the event the remand is denied, the magistrate judge shall resume management of all other pretrial matters.

6. In cases assigned pursuant to this Order to a magistrate judge for management of pretrial matters but for which § 636(c) consent has not been given by all parties, the magistrate judge shall prepare a report and recommendation on all case-dispositive motions and other motions specified in § 636(b)(1)(A). Upon the filing of a case-dispositive motion, except those specified in the preceding paragraph, the magistrate judge shall conduct such proceedings and enter such orders as are necessary to bring the motion under submission. When the motion is

taken under submission, the magistrate judge shall enter an order notifying the parties that the motion has been taken under submission and that they must notify the Clerk of Court within fifteen (15) days whether they wish for the magistrate judge to exercise § 636(c) jurisdiction for all purposes including determination of the motion, or whether they decline to consent to § 636(c) jurisdiction and wish for the motion to be determined by a district judge.  In the event all parties consent to § 636(c) jurisdiction, the case will be assigned to the magistrate judge pursuant to Northern District LR 73.2 and he or she shall proceed to determine the motion and exercise jurisdiction for all purposes, including trial and final judgment.  In the event one or more parties declines to consent, the magistrate judge will prepare a report and recommendation with regard to the motion and the Clerk will randomly select a district judge to whom the case will be reassigned for all further purposes.  The selection of the district judge will be from a special draw without regard to the Court's divisions.  Neither the magistrate judge nor the district judge will be informed of the identity of any party declining to consent to § 636(c) jurisdiction. Notwithstanding the reassignment of a case to a district judge, he or she remains free to make specific references of any motion or matter to the magistrate judge pursuant to § 636(b)(1)(A) and (B) and Northern District LR 72.1.

7. This Order supersedes the Order entered May 8, 1998.  Except as provided herein, all other local rules and standing orders dealing with the assignment of cases remain unchanged.

**DONE** and **ORDERED** nunc pro tunc as of the 28th day of August, 2012 this 14th day of January, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| _Defendant_ | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____        _____
                                                                                   *District Judge's signature*

                                                                                   _____
                                                                                   *Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.